UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TREVOR CHARLES AND
JENNIFER CHARLES                                             CIVIL ACTION

VERSUS

THOMAS LEE ATKINSON, ET AL                                   NO. 14-538-JJB

## RULING ON MOTION FOR SUMMARY JUDGMENT

This case is before the Court on a Motion for Summary Judgment (Doc. 27) filed by defendants Amerisure Insurance Company (Amerisure) and Consolidated Fabrications Construction, Inc. (CFC). The plaintiffs, Trevor and Jennifer Charles (The Charleses), filed an opposition (Doc. 40), and the defendants replied (Doc. 48). Amerisure and CFC also moved for oral argument (Doc. 49). Later, the Charleses filed a Motion for Leave to File Supplemental Memorandum in Opposition (Doc. 55), and the defendants filed a Motion for Leave to File a Supplemental Reply Brief (Doc. 57).

### Background

The following facts are undisputed. CFC had four employees staying in a motel near Sorrento, LA for the duration of a work project. Only two of these employees, Ismael Avila (Avila) and Chris Turner (Turner), were authorized to drive company vehicles according to CFC. Similarly, per CFC, Thomas Lee Atkinson (Atkinson), who was in this group, was not so authorized—primarily because he lacked a basic driver's license, much less the credentials necessary to operate one of CFC's heavy pickup trucks. The employees were in their room eating and drinking alcohol when Atkinson offered to go and purchase more alcohol. Turner claims that he assumed Atkinson was going to walk, because there was a convenience store within walking distance. However, Atkinson took one of the company's trucks and was involved in an

1

accident with the Charleses. The Charles filed suit against Atkinson, his employer (CFC), and his employer's insurance company (Amerisure). Although the Charleses have yet to locate Atkinson so that they can serve him, they have served the other two defendants, and those defendants now move for summary judgment.

## Standard of Review

A motion for summary judgment should be granted when the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The admissibility of evidence for summary judgment purposes conforms to the rules of admissibility at trial. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (citations omitted). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Whether a fact is material will depend on the substantive law. *Id*. When addressing a summary judgment motion, the court must make reasonable inferences in favor of the non-moving party. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). If the movant meets his initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to identify or produce evidence that establishes a genuine dispute of material fact. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

## Analysis

In their memorandum in support, the defendants address two different paths that the plaintiffs may use for recovery: respondeat superior, to get recovery from CFC, and insurance

permission doctrines—implied permission and/or initial permission—to get recovery from Amerisure. The Court will address both of these suggested paths.

I. Respondeat Superior

First, CFC argues that the doctrine of respondeat superior does not create liability for the actions of their employee, Atkinson, in this instance. When an employee commits a tort, the employment relationship alone is insufficient to establish their employer's liability; instead, it must be shown that the tortfeasor employee was acting "within the course and scope of . . . [his] employment." La. Civ. Code Ann. art. 2320 (2015). The Louisiana Supreme Court has defined the test for determining whether an employee is acting within the course and scope of his employment: when the employee's tortious act is "so closely connected in time, place[,] and causation to his employment-related duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal consideration entirely extraneous to the employer's interests," the employee is said to be within the course and scope of his employment. *LeBrane v. Lewis*, 292 So.2d 216, 218 (1974). Considerations related to this inquiry include whether the conduct is the type that he is employed to perform, occurs substantially within the employer's authorized limits of time and space, and is done to serve the employer. *Oregeron on Behalf of Orgeron v. McDonald*, 639 So.2d 224, 226–27 (1994).

In their opposition, the Charleses do not address respondeat superior as a source of establishing CFC's liability. Even if this is not interpreted as a concession, the record is clear that there is no genuine dispute of material fact on this issue. Atkinson, it is undisputed, was traveling to get more alcohol long after work hours. Yes, he was with coworkers, but their work for the day was over, and no part of their job description included buying alcohol. This activity was neither within his work hours nor at his work place—even if the employer paid for their hotel—

and it did not serve his employer's interest. The evidence demonstrates that Atkinson's actions are properly described as "purely personal consideration[s] entirely extraneous to the employer's interests." *LeBrane*, 292 So.2d at 218. Therefore, this is no genuine dispute of material fact regarding whether CFC is liable under the respondeat superior theory; they are not.

II. Insurance Permission Doctrines

Unlike with respondeat superior, the Charleses did address these arguments. First, they argue that Atkinson had implied permission. Second, and finally, they argue that the "initial permission" rule establishes liability on behalf of the moving defendants. Amerisure contends that Atkinson was not allowed to operate the vehicle, which places this accident outside of the policy's coverage. These are distinct doctrines, and the Court will address them separately.

A. Implied Permission

Under Louisiana law, a motor vehicle liability policy "[s]hall insure the person named therein and any other person . . . using any such motor vehicle . . . with the express or implied permission of such named insured . . . ." La. Rev. Stat. Ann. 32:900(B)(2) (2015). The implied permission doctrine refers to "a course of conduct by the named insured involving acquiescence in, or a lack of objection to, the use of the vehicle." *François v. Ybarzabal*, 483 So.2d 602, 605 (1986). To determine whether there is implied permission, the Court must consider the "totality of facts and the relationships involved." *Hartzo v. American Nat. Property and Cas. Ins. Co.*, 951 So.2d 1120, 1125 (La. Ct. App. 1 Cir. 2007). *Hartzo* also cautions that in implied permission cases, "the determination is extremely fact-sensitive and . . ." resolution on summary judgment is "rarely . . . appropriate . . . ." *Id*. CFC and Amerisure argue that the only admissible evidence available plainly shows that Atkinson did not have permission, of any kind, to drive the vehicle. They point to CFC's awareness that Atkinson lacked a driver's license, to the testimony of

4

Turner and Avila, and to the fact that Atkinson signed to acknowledge receipt of the employee handbook, which included a provision banning all non-licensed employees from operating any CFC vehicles. The Charleses point to the words of caution from the court in *Hartzo* and claim that Atkinson told several people that he had been given permission to drive the vehicle in the past, which creates a genuine dispute of material fact. They also claim that because Atkinson was not a named excluded person, it follows that he had permission to operate the vehicle.

First, regarding the named excluded person argument, such a clause in an insurance contract merely indicates that the named person is not covered under the policy, even if they received permission of some kind. It does not follow that those not named are permitted users of the vehicle; they still need to establish express or implied permission. Second, although the Charleses offer affidavits to support their assertions, these affidavits are problematic. The first affidavit, from the Charleses' former attorney, Vincent Sotile, Jr. (Sotile), indicates simply that Atkinson told Sotile that Turner and Avila previously allowed him to drive CFC's trucks. (Doc. 40-2). Even so, there is no summary judgment evidence that Avila or Turner had any authority to give such permission, which clearly contradicted the company's policy in the employee handbook.[1] CFC and Amerisure raise several issues with this affidavit, but even if Sotile's statements are admissible, they do not create a genuine issue of material fact. The overwhelming weight of the evidence indicates that CFC, aware that Atkinson lacked a driver's license, did not allow him to operate their vehicles. Atkinson's statement, through the plaintiffs' former attorney, that he received permission in the past is contradicted by statements of Turner and Avila, and in light of the fact that Atkinson signed to acknowledge that he received the CFC handbook—which included a provision about unlicensed employees being barred from driving company vehicles—is not persuasive. In *Hartzo*, the court cautioned against deciding these cases on

---

[1] For this reason, the motions for leave to file supplemental briefs do not affect the outcome; they will be denied.

summary judgment, but here, the evidence only supports one conclusion; no reasonable trier of fact could find in favor of the Charleses under the circumstances.

The relevant portion of Turner's affidavit, the second that the Charleses offer, contains inadmissible hearsay, which the Court cannot consider. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 803(C) (2015). In the relevant portion of Turner's affidavit, he refers to a statement that Atkinson's mother made to him (Turner); Atkinson's mother is the declarant, and this statement is offered for its truth: that Atkinson had previously received permission to drive CFC's truck by someone within the company. (Doc. 40-1 at 65–66). This statement does not fall into any known exception, and therefore, the only evidence to support the Charleses' claim that Atkinson had permission is Sotile's affidavit. As discussed above, that affidavit does not create a genuine dispute of material fact, and summary judgment on this issue will be granted.

B. Initial Permission

The initial permission rule states "once permission, whether express or implied, to use a motor vehicle is established, it is given a wide and liberal meaning in determining coverage." *Norton v. Lewis*, 623 So.2d 874 at 875 (1993). In this case, the key element of initial permission is that permission must initially be granted, and as covered in the implied permission section, there is no genuine dispute of material fact as to whether CFC or its agents granted Atkinson permission—express or implied—to operate the truck. Consequently, summary judgment on this issue will be granted as well.

## Conclusion

For the foregoing reasons, CFC and Amersisure's Motion for Summary Judgment (Doc. 27) is GRANTED, and the Motion for Oral Argument (Doc. 49), Motion for Leave to File

Supplemental Memorandum in Opposition (Doc. 55), and Motion for Leave to File Supplemental Reply Brief (Doc. 57) are DENIED.

Signed in Baton Rouge, Louisiana, on August 3, 2015.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**