UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TREVOR CHARLES AND
JENNIFER CHARLES

CIVIL ACTION

VERSUS

NO. 14-538-JJB

THOMAS LEE ATKINSON, ET AL

### RULING ON MOTION FOR RECONSIDERATION

This case is before the Court on a Motion for Reconsideration (Doc. 59) of the Court's prior ruling (Doc. 58) granting the defendants', Amerisure Insurance Company ("Amerisure") and Consolidated Fabrications Construction, Inc. ("CFC"), Motion for Summary Judgment (Doc. 27). The defendants filed an opposition (Doc. 62). Oral argument is unnecessary.

The legal issue central to the motion for reconsideration is the implied insurance permission doctrine, which refers to "a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle." *Francois v. Ybarzabal*, 483 So.2d 602, 605 (1986). The plaintiffs, Trevor and Jennifer Charles, argue that a genuine issue of material fact exists as to whether Thomas Atkinson ("Atkinson"), a CFC employee, had implied permission to drive the CFC vehicle. The plaintiffs claim that Atkinson told several people that he had been given permission to drive the vehicle in the past. In support for this claim, the plaintiffs submitted an affidavit from Chris Turner ("Turner"), an affidavit from Vincent Sotile, Jr. ("Sotile"), and a transcript of a phone conversation between Sotile and Atkinson. As this Court previously stated, the Turner affidavit is inadmissible hearsay. *Ruling* 6, Doc. 58.

Sotile, in his affidavit, claims that Atkinson told him that he had been given permission to drive the CFC vehicle in the past. The plaintiffs devote a majority of their motion for

1

reconsideration arguing that the Sotile affidavit is admissible as a statement by a party opponent, under Federal Rule of Evidence 801(d)(2). *Pls.' Supp. Mem.* 4–10, Doc. 59-1. In response, the defendants cite ample evidence that the party-opponent hearsay exception is inapplicable to the Sotile affidavit because (1) although Atkinson is technically a "party" to this case, having been served with process, he is not an "opponent" for purposes of the hearsay exception because he is an unavailable, non-answering party;[1] and (2) the statement made by Atkinson is not being used against himself, but rather against his co-defendants CFC and Amerisure. *Defs.' Opp'n Mem.* 2–5, Doc. 62 (citing *Canter v. Hardy*, 188 F. Supp. 2d 773 (E.D. Mich. 2002); *Fitzpatrick v. City of Fort Wayne*, 259 F.R.D. 357 (N.D. Ind. 2009)). The Court agrees with the defendants that the Sotile affidavit is inadmissible hearsay and therefore is not competent summary judgment evidence. For similar reasons, the transcript of the phone conversation between Sotile and Atkinson is also inadmissible.[2]

For the reasons stated above, the Court would like to modify the ruling as to some of the language in Section II.A. Specifically, the Court stated: "The overwhelming weight of the evidence indicates that CFC, aware that Atkinson lacked a driver's license, did not allow him to operate their vehicles. Atkinson's statement . . . that he received permission in the past . . . is not persuasive." *Ruling* 5, Doc. 58.  To clarify, the Court is not weighing the defendants' proffered evidence against the plaintiffs'. Instead, the plaintiffs have provided no competent summary judgment evidence through which a genuine issue of material fact can be created.

---

[1] "Among the rationale supporting admissibility of a party's own out-of-court statements is that he or she 'is present in court to explain, deny or rebut the offered statement.'" *Canter*, 188 F. Supp. 2d at 782 (citations omitted).
[2] The Court also notes that the transcript of the phone conversation has not been authenticated under Federal Rule of Evidence 901, as required for its admissibility.

**Conclusion**

For the foregoing reasons, the plaintiffs' Motion for Reconsideration (Doc. 59) is **DENIED**. The claims against Atkinson remain and a pretrial conference will be set accordingly.

Signed in Baton Rouge, Louisiana, on December 7, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**