UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TREVOR CHARLES and
JENNIFER CHARLES

VERSUS

THOMAS LEE ATKINSON, ET AL.

CIVIL ACTION

NO. 14-538-JJB-EWD

## MEMORANDUM ORDER

This matter is before the Court having been directed by a Mandate from the Fifth Circuit for findings and conclusions as to whether Thomas Lee Atkinson ("Atkinson") was properly served with process in this case.[1] To address this issue, the plaintiffs, Trevor and Jennifer Charles ("the plaintiffs"), filed an affidavit (Doc. 78-1) to establish whether service was perfected.[2]

This suit stems from an automobile accident between Atkinson and the plaintiffs. The plaintiffs filed suit against Atkinson, his employer (Consolidated Fabrications Construction, Inc.), and his employer's insurance company (Amerisure Insurance Company). On August 3, 2015, this Court granted summary judgment in favor of the employer and the insurance company (Doc. 58); the plaintiffs appealed the ruling (Doc. 61). Due to confusion in the record regarding whether the defendant Atkinson was properly served,[3] the Fifth Circuit was uncertain that it had jurisdiction to hear the appeal. *See Order of USCA*, Doc. 78-1, at 3–4 ("[A]lthough Atkinson has never appeared in this litigation, if he has been served, this court would lack jurisdiction under § 1291.").

---

[1] *Order of USCA*, Doc. 76 (Fifth Circuit Mandate).
[2] The Court's July 7, 2016, Order (Doc. 77) directed the plaintiffs to file their affidavit within seven days. The affidavit, however, was not filed until August 9, 2016.
[3] On March 17, 2015, this Court ordered the plaintiffs to show cause, in writing, why their claims against Atkinson should not be dismissed pursuant to Rule 4(m) failure to serve the defendant. *Order to Show Cause* 1 & 1 n.1, Doc. 17 (stating that the lack of service was noted in the parties' Status Report). In the ruling granting summary judgment, the Court stated, "Although the Charleses have yet to locate Atkinson so that they can serve him, they have served the other two defendants, and those defendants now move for summary judgment." *Ruling* 2, Doc. 58. However, in a subsequent ruling denying the plaintiffs' Motion for Reconsideration, the Court said, "The claims against Atkinson remain and a pretrial conference will be set accordingly." *Ruling* 3, Doc. 66.

1

The Court finds the following facts regarding service of process on Atkinson. On July 25, 2014, the plaintiffs' counsel sent by certified mail the original State Court petition and citation to Atkinson at 27604 Fair Hope Meadow, Kingwood, Texas 77339. *Sotile Aff.* ¶ 3, Doc. 78-1; *Robert Aff.*, Doc. 78-3. At the time of service, this was Atkinson's last known address as provided by the October 2013 accident report and a March 2014 appointment of counsel determination in the criminal proceeding entitled *State of Louisiana v. Thomas Atkinson*, No. 514473, 23rd Judicial District Court, Parish of Ascension, State of Louisiana. *Sotile Aff.* ¶ 5, Doc. 78-1; *see Accident R.*, Doc. 78-2; *Appointment of Counsel Determination*, Doc. 78-2. On September 8, 2014, the petition and citation were returned to sender and marked "unclaimed." *Robert Aff.*, Doc. 78-3.

On December 5, 2014, plaintiffs' counsel hired an investigator to locate Atkinson. *Pet'rs' Resp. to Rule to Show Cause* ¶ 2, Doc. 21. A contact number was located, and the plaintiffs' counsel and the investigator communicated with Atkinson and his family. *Id.* Although informed about the suit, Atkinson would not provide his current address. Subsequently, an investigation of Atkinson's employment records turned up an address in Nebraska—803 Toluca Avenue, Alliance, Nebraska. *See id.*; *Proof of Service*, Doc. 78-4. Thereafter, the plaintiffs hired Black Falcon Legal Services ("Black Falcon") to perfect service on Atkinson. *Pet'rs' Resp. to Rule to Show Cause* ¶ 3, Doc. 21.  Black Falcon confirmed with neighbors that Atkinson resided at the Alliance, Nebraska address and attempted service on Atkinson at said address. *Id.* ¶ 3–4. On May 20, 2015, Black Falcon left a copy of the petition and citation with Tammy Standage—a resident at the Alliance address and mother of Atkinson's child. *Proof of Service*, Doc. 78-4 (process server's sworn information).

Rule 4 of the Federal Rules of Civil Procedure sets forth the procedure for service of process. Specifically, Rule 4(e) provides that an individual may be served by:

2

>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;[4] or
>
>(2) doing any of the following:
>
>>(A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Here, the plaintiffs' investigation uncovered a current address for the defendant Atkinson in Alliance, Nebraska. After several attempts, the process server left a copy of the petition and certificate at that address with the mother of Atkinson's child, who also resided therein. Thus, the Court finds that service was perfected on the defendant Atkinson by leaving a copy of the summons at his usual place of abode with someone of a suitable age and discretion who resides there. *See* Fed. R. Civ. P. 4(e).

Signed in Baton Rouge, Louisiana, on August 11, 2016.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] Under Louisiana's Long-Arm Statute, service may be perfected upon a non-resident by "sending a certified copy of the summons and complaint by certified mail to the defendant[.]" La. R.S. 13:3204; *see McFarland v. Dippel*, 756 So. 2d 618, 622 (La. Ct. App. 2000). In order to "prevent[] a defendant from attempting to defeat a valid service by refusing to accept or sign for the letter," § 3204 does not require a signed return receipt. *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So. 2d 442, 444–45 (La. Ct. App. 2004). Because the Court finds that service was perfected by other means provided in Rule 4(e), it will not reach the issue of whether service was also perfected pursuant to Louisiana's Long-Arm Statute. The Court notes, however, that another case within the Middle District of Louisiana with similar facts found that service was not perfected because there was no evidence that the defendant knew of the pending litigation or made an attempt to purposefully evade service. *See Kelly v. Arch Ins. Co.*, CIVIL ACTION NO. 15-00772-SDD-EWD, 2016 U.S. Dist. LEXIS 95217 (M.D. La. June 9, 2016). Here, the facts indicate that Atkinson was made aware of the litigation, via the plaintiffs' investigator, after service was attempted at the Kingwood, Texas address and, at that time, Atkinson would not provide a valid address by which service could be perfected.